# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAUTICAL BEAN COFFEE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> NAUTICAL BEAN, INC., <br><br> Defendant. | Case No. 12cv1199 BTM(WMc) <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION FOR RULE 56(d) RELIEF** |

On April 5, 2013, Defendant Nautical Bean, Inc., filed a motion for summary judgment. On May 31, 2013, Plaintiff filed an opposition as well as a motion to deny or continue the motion for summary judgment under Fed. R. Civ. P. 56(d). For the reasons discussed below, Plaintiff's motion for relief under Rule 56(d) is **GRANTED** and the Defendant's motion for summary judgment is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

In 1994, John Alvarez opened Nautical Bean Café in Oceanside, California, and has continued to operate the business to this day. (Alvarez Decl. ¶ 5.) In or about 1999 or 2000, Alvarez began using the internet as a marketing tool for his café. (Id. at ¶ 7.) Alvarez registered the domain as

nauticalbeancoffee.com. (Id.) Eventually, Alvarez began using the webpage to sell coffee. (Id. at ¶ 8.)

In 2003, Alvarez had his business incorporated under the name Nautical Bean Coffee Company, Inc. (Id. at ¶ 9.)

In 2009, Alvarez obtained a trademark registration (U.S. Trademark Registration No. 3622532) for the mark "NAUTICAL BEAN" in connection with café and restaurant services. (Ex. A to Compl.) Ownership of the registration was assigned to Nautical Bean Coffee Company, Inc., in 2012. (Ex. B to Compl.)

Defendant owns a Nautical Bean Café in San Luis Obispo. In 2003, Defendant purchased the business from a predecessor who obtained a San Luis Obispo business license under the name "Nautical Bean" in May 1999. (Jones Decl. ¶ 4.) In January 2003, Defendant incorporated in California under the name Nautical Bean, Inc., and began operating the Nautical Bean Café in San Luis Obispo on February 2, 2003. (Id. at ¶ 6.) It has operated continuously since then. (Id.)

Beginning in 2004, Defendant began operating a webpage with the domain name nauticalbean.com. (Jones Decl. ¶ 8.)

On May 17, 2012, Plaintiff commenced this action. Plaintiff's Complaint asserts claims for (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark infringement under California Law; and (4) violation of Cal. Bus. & Prof. Code § 17200.

## II. DISCUSSION

Defendant moves for summary judgment, arguing that Plaintiff cannot present evidence establishing a likelihood of confusion from the use of the "Nautical Bean" name in connection with a single café in San Luis Obispo,

which is more than 250 miles away from Plaintiff's Nautical Bean Café in Oceanside. Plaintiff requests that the Court deny or continue Defendant's motion for summary judgment so that Plaintiff can conduct discovery regarding issues raised by the motion for summary judgment. As discussed below, the Court finds that relief under Rule 56(d) is warranted.

Under Federal Rule of Civil Procedure 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." To prevail on a request for relief under Rule 56(d), the party opposing the motion for summary judgment must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986). The burden is on the party seeking additional discovery to demonstrate Rule 56(d) applies. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 (9th Cir.2009).

Plaintiff has established by declarations the need for additional discovery to oppose Defendant's motion. One critical issue that Plaintiff wishes to investigate further concerns Defendant's knowledge of Plaintiff's prior use of the "Nautical Bean" mark and Defendant's intent. As explained by John Alvarez, in or about 1996, he became acquainted with Michael Brookins, a regular customer who lived in North County and expressed interest in going into the coffee business himself. (Alvarez Decl. ¶ 3.) Alvarez was happy to help, and talked to Brookins about his experiences in the business. (Alvarez Decl. ¶ 4.) Plaintiff learned through a document produced in discovery that Michael Brookins was the predecessor-in-interest from whom Defendant purchased the business. (Id.)

A scheduling order governing discovery in this case was issued on March 21, 2013. Defendant's motion for summary judgment was filed on April 5, 2013. The discovery cut-off date is not until November 22, 2013. Therefore, much discovery remains to be done. With respect to the issue of knowledge and intent, Plaintiff wishes to conduct further written discovery and deposition discovery regarding Defendant's dealings with Brookins. (Gillaspey Decl. ¶ 5.) Plaintiff is currently looking for Mr. Brookins, who may be out of state. (Id.) Plaintiff also believes that there may be third-party witnesses who know something about what Defendant knew. (Id.)

Knowledge and intent bear upon several issues that are central to this case. In its motion, Defendant raises the innocent use defense under 15 U.S.C. § 1115(b)(5), which provides for a defense to an infringement claim where "the mark whose use by a party is charged as an infringement *was adopted without knowledge of the registrant's prior use* and has been continuously used by such party or those in privity with him from a date prior to [registration of the mark]." (Emphasis added.) If, however, Defendant knew of Plaintiff's prior use of the "Nautical Bean" mark, this defense is unavailable to Defendant.

Intent is also relevant to the extent Plaintiff asserts a common law trademark claim for the period before registration. Under the Tea Rose-Rectanus[1] doctrine, "priority of use in one geographic area within the United States does not necessarily suffice to establish priority in another area." Grupo Gigante S.A. de C.V. v. Dallo & Co, Inc., 391 F.3d 1088, 1096 (9th Cir. 2004). This doctrine provides a defense to a junior user if (1) the junior user's first use was in good faith; and (2) the junior user's first use was in a remote area. Wood v. Apodaca, 375 F. Supp. 2d 942, 943 (N.D. Cal. 2005). If Defendant

---

[1] The name of the doctrine is derived from two Supreme Court cases, Hanover Star Milling Co. v. Metcalf, 240 U.S. 403 (1916) (the "Tea Rose" case) and United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90 (1918).

knew about Plaintiff's prior use of the "Nautical Bean" mark and intentionally used the mark anyway, Defendant would have acted in bad faith and would not be able to avail itself of the Tea Rose-Rectanus defense.

Intent also plays a significant part in determining whether there has been infringement under the Lanham Act. In determining whether there is likelihood of confusion as a result of the defendant's use of the mark in question, the following factors are relevant: (1) strength of the mark; (2) proximity of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods or services and the degree of care likely to be used by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979). With respect to the factor of intent, "When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived." Id. at 354. When there is evidence of deliberate use of another's mark, "once can infer an intent to confuse." Entrepeneur Media, Inc. v. Smith, 279 F.3d 1135, 1148 (9th Cir. 2002).[2]

Given the importance of knowledge and intent in this action, the Court finds that Plaintiff should be given the opportunity to conduct further discovery regarding these issues. Plaintiff has also demonstrated the need for additional discovery on the other Sleekcraft factors, including the marketing channels used and likelihood of expansion of the product lines. Therefore, the Court

---

[2] The Court notes that in Brennan's Inc. v. Brennan's Restaurant, LLC, 360 F.3d 125 (2d Cir. 2004) and Tana v. Dantanna's, 611 F.3d 767 (11th Cir. 2010), two cases upon which Defendant heavily relies, there was no evidence of intentional misappropriation. See John Allan Company v. Craig Allen Company, 540 F.3d 1133, 1140 (10th Cir. 2008) (distinguishing Brennan's Inc. on the ground that Brennan's Inc. involved a junior user acting in good faith - "[Defendant] fails to cite any precedent where a junior user was permitted to use his given name in spite of an intent to benefit from the reputation and goodwill of the senior user.").

grants Plaintiff's motion for relief under Rule 56(d) and denies without prejudice Defendant's motion for summary judgment.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for relief under Fed. R. Civ. P. 56(d) is **GRANTED** and Defendant's motion for summary judgment is **DENIED WITHOUT PREJUDICE**. Defendant may not file another motion for summary judgment until the close of discovery.

**IT IS SO ORDERED.**

DATED: September 9, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court